**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1723
_____

JEFFREY M. AHN, MD,
Appellant

v.

CIGNA HEALTH AND LIFE INSURANCE
COMPANY; JANE DOES 1-10;
ABC CORPORATIONS 1-10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:19-cv-07141)
District Judge: Honorable Evelyn Padin
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 24, 2026

Before: HARDIMAN, SCIRICA, and AMBRO, Circuit
Judges

(Filed: June 24, 2026 )

---

OPINION OF THE COURT
---

HARDIMAN, *Circuit Judge*.

This appeal raises a question of first impression for this Court: does the Employee Retirement Income Security Act of 1974 (ERISA) preempt a healthcare provider's defamation claim based on allegedly false statements in explanation of benefits (EOB) forms sent to beneficiaries? We hold that it does.

I

Appellant Dr. Jeffrey M. Ahn is an otolaryngologist licensed to practice medicine in New Jersey and New York. Appellee Cigna Health and Life Insurance Company is a subsidiary of the Cigna Group. Though Dr. Ahn is not part of Cigna's provider network, some of his patients are insured by Cigna. And when Dr. Ahn treats them, he submits claims to Cigna. All of Cigna's health insurance plans are governed by ERISA.[1]

Dr. Ahn alleged that Cigna denied his claims about 50 times. In doing so, Cigna issued forms explaining why the claims were denied. Many of these forms stated that the claims were denied because Cigna did not pay for services performed

---

[1] In the District Court, Dr. Ahn "disagree[d]" that the plans were governed by ERISA. *See* App. 114. The Court found otherwise, and Dr. Ahn does not challenge that determination on appeal.

by unlicensed providers—*i.e.*, that Dr. Ahn was not licensed to practice medicine. After he appealed the denials, Cigna allowed them in whole, in part, or denied them for a reason unrelated to his licensed status.

Dr. Ahn filed a three-count complaint in New Jersey Superior Court, asserting claims for defamation, defamation per se, and tortious interference. After Cigna removed the case to federal court, it moved to dismiss, or in the alternative for summary judgment, citing ERISA preemption and the statute of limitations. *See Ahn v. Cigna Health & Life Ins. Co.*, 2019 WL 5304628, at \*4–5 (D.N.J. Oct. 21, 2019). The District Court deferred ruling on the ERISA preemption defense at that time because it could not "determine from the Complaint which of the . . . allegedly defamatory EOBs relate to Cigna's administration of plans covered by ERISA." *Id.* at \*4.

Following discovery, Cigna moved for summary judgment on all of Dr. Ahn's claims, again citing ERISA preemption. In response, Dr. Ahn withdrew his defamation and tortious interference claims, so only his defamation per se claim remained.

The District Court granted Cigna's motion. The Court first addressed whether ERISA governed the plans. Cigna submitted documents showing that the plans were "governed by ERISA, include information required by ERISA (including the plan sponsor's Employer Identification Number), and explain beneficiaries' rights under ERISA (including the right to bring an action under ERISA § 502(a), 29 U.S.C. § 1132(a))." *Ahn v. Cigna Health & Life Ins. Co.*, 2025 WL 830217, at \*4 (D.N.J. Mar. 17, 2025). Dr. Ahn offered no record evidence to the contrary. So with one exception not relevant here, the Court found that the plans were governed by

3

ERISA because they were "established or maintained by an employer for the purpose of providing . . . benefits." *Id.*

The District Court then held that Dr. Ahn's defamation per se claim was preempted by ERISA. As the Court explained, Dr. Ahn's "claims arise from a central matter of plan administration" because they were "premised on statements made in EOBs sent to beneficiaries of ERISA plans" and because "[t]hose EOBs were sent pursuant to Cigna's obligations under ERISA to provide written notice to patients whose claims were denied, including the specific reasons for the denial." *Id.* at *6.

Dr. Ahn timely appealed.

II[2]

Section 514(a) of ERISA preempts "any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan" governed by the statute. 29 U.S.C. § 1144(a) (emphasis added). According to the language of ERISA, "State law" includes "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." *Id.* § 1144(c)(1). Because state common-law claims

---

[2] The District Court had subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's summary judgment de novo, applying the same standard it applied. *See Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010). Summary judgment is warranted when, viewing the evidence in the light most favorable to the non-movant, there are no genuine issues "as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

fall within this broad definition, they are often preempted by ERISA. *See, e.g.*, *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140 (1990); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987). The term "relate to" in § 514(a) also is "deliberately expansive." *Ingersoll-Rand*, 498 U.S. at 138 (citation omitted); *see also Pilot Life*, 481 U.S. at 45–46 (ERISA's "express pre-emption provisions" are "designed to 'establish pension plan regulation as exclusively a federal concern.'" (citation omitted)). This does not mean that § 514(a)'s broad scope should "extend to the furthest stretch of its indeterminacy"; otherwise, "for all practical purposes pre-emption would never run its course." *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995). So preemption does not apply if the state claim "has only a 'tenuous, remote, or peripheral' connection with covered plans, as is the case with many laws of general applicability." *District of Columbia v. Greater Wash. Bd. of Trade*, 506 U.S. 125, 130 n.1 (1992) (citation omitted).

"Implementing these principles," the Supreme Court "has described two categories of state laws that ERISA pre-empts." *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 319 (2016). "First, ERISA pre-empts a state law if it has a 'reference' to ERISA plans," that is, where it "acts immediately and exclusively upon ERISA plans or . . . where the existence of ERISA plans is essential to the law's operation." *Id.* at 319–20 (citations omitted). Second, "ERISA pre-empts a state law that has an impermissible 'connection with' ERISA plans." *Id.* at 320 (citation omitted). A state law can have an impermissible "connection with" an ERISA plan if it "governs . . . a central matter of plan administration," or "interferes with nationally uniform plan administration." *Id.* (citation omitted).

5

Cigna contends that Dr. Ahn's per se defamation claim falls in the second category of state laws that are preempted by ERISA: laws that govern, or interfere with the uniformity of, plan administration and so have an impermissible "connection with" ERISA plans. We agree.

We have observed that "[t]he 'connection with' component of this test . . . supplies scarcely more content than the 'relate to' formulation." *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 83–84 (3d Cir. 2012). So we must "also look to 'the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive,' as well as to the nature of the effect of the state law on ERISA plans." *Id.* at 84 (quoting *Cal. Div. of Lab. Standards Enf't v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 325 (1997)); *accord Gobeille*, 577 U.S. at 320. Those considerations lead us to conclude that Dr. Ahn's defamation per se claim is preempted by ERISA. *See* 29 U.S.C. § 1001(a)–(b) (Relevant statutory objectives include establishing uniform national safeguards "with respect to the establishment, operation, and administration of [employee benefit] plans" and "establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans.").

A

The communication of claim adjudications to plan participants and beneficiaries is a "central matter of plan administration." *Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 148 (2001). In *Egelhoff*, the Supreme Court held that ERISA preempted a Washington statute that, upon divorce, automatically revoked the designation of a spouse as the beneficiary of the proceeds of an employer-sponsored life insurance policy. *Id.* at 144–46. The statute directed plan

6

administrators to "pay benefits to the beneficiaries chosen by state law, rather than to those identified in the plan documents." *Id.* at 147. The Court reasoned that the statute "r[an] counter to ERISA's commands that a plan shall 'specify the basis on which payments are made to and from the plan' . . . and that the fiduciary shall administer the plan 'in accordance with the documents and instruments governing the plan,' making payments to a 'beneficiary' who is 'designated by a participant, or by the terms of the plan.'" *Id.* (quoting 29 U.S.C. §§ 1102(b)(4), 1104(a)(1)(D), 1002(8)). Because the Washington statute "govern[ed] the payment of benefits, a central matter of plan administration," the Court held that it was preempted. *Id.* at 148–50.

So too here. Cigna's explanation of its benefits decision is "central" to the administration of an ERISA plan. ERISA requires plans to "provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant." 29 U.S.C. § 1133(1). Cigna discharges this duty by issuing the explanation of benefits form. So statements therein about the reasons for the denial of a claim are inseparable from Cigna's duty to provide a written explanation of claim denials under ERISA. And any state-law claims challenging the content of such statements would impermissibly allow state law to regulate matters squarely within ERISA's "heartland." *Iola*, 700 F.3d at 84; *see also Pilot Life*, 481 U.S. at 43, 48 (common-law claims alleging "improper processing of a claim for benefits under an employee benefit plan[] undoubtedly meet the criteria for pre-emption under § 514(a)"). As the District Court observed, "the fact that Cigna sent the allegedly defamatory EOBs *pursuant*

7

*to* their obligations under ERISA shows how Dr. Ahn's claims relate to ERISA." *Ahn*, 2025 WL 830217, at \*6.

The United States Court of Appeals for the Fifth Circuit has adopted similar reasoning. *See Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420 (5th Cir. 2004). In *Mayeaux*, the court affirmed an order dismissing a physician's tort claims (including defamation) which challenged the insurance carrier's "handling, review, and disposition of a request for coverage." *Id.* at 432. As the court explained, allowing medical practitioners to bring defamation claims when an ERISA plan administrator decides not to cover a treatment "would undoubtedly jeopardize the relationships among the traditional ERISA entities, of which the treating physician is not one. These are the sort of claims that go to the very heart of the ERISA administration process." *Id.* at 433. As in *Mayeaux*, Dr. Ahn sues over the "handling, review, and disposition of a request for coverage," *id.* at 432, and his claim is so intertwined with his patients' ERISA plans that it "relates to" those plans, *see Ingersoll-Rand*, 498 U.S. at 140 (citation omitted). So ERISA preempts Dr. Ahn's defamation per se claim.

Dr. Ahn attempts to distinguish *Mayeaux* by asserting that "accusing a medical professional of being 'unlicensed' does nothing to establish standards of conduct, responsibility and obligation for <u>fiduciaries</u> of employee benefit plans." Ahn Br. 12. But the relevant inquiry is not whether defaming providers is central to an administrator's fiduciary duties. It is not. The right question to ask is whether communicating benefits determinations to subscribers and beneficiaries is a central matter of plan administration. It is.

B

Preemption applies to this case for a second, independent reason: Dr. Ahn's defamation per se claim "interferes with nationally uniform plan administration." *Egelhoff*, 532 U.S. at 148. "One of the principal goals of ERISA is to enable employers 'to establish a uniform administrative scheme, which provides a set of standard procedures to guide processing of claims and disbursement of benefits.'" *Id.* (quoting *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 9 (1987)). "Uniformity is impossible, however, if plans are subject to different legal obligations in different States." *Id.*

ERISA provides a civil enforcement "mechanism for claims by beneficiaries or plan participants to question or challenge the provision or amount of benefits." *Kollman v. Hewitt Assoc., LLC*, 487 F.3d 139, 150 (3d Cir. 2007). So there is no need to subject explanation of benefits forms to state tort claims like defamation. Doing so would be impractical as well. When determining "the manner" in which claims decisions are "written," *see* 29 U.S.C. § 1133(1), plan administrators and fiduciaries would have to consider not only ERISA's requirements, but also the common law of each state in which participants and beneficiaries are located or seek services. And "[r]equiring ERISA administrators to master the relevant laws of 50 States and contend with litigation would undermine the congressional goal of 'minimiz[ing] the administrative and financial burden[s]' on plan administrators—burdens ultimately borne by the beneficiaries." *Gobeille*, 577 U.S. at 321 (quoting *Egelhoff*, 532 U.S. at 149–50). We therefore hold that ERISA preempts Dr. Ahn's defamation per se claim because allowing state defamation laws to regulate the content of EOBs would undermine uniformity in plan administration.

9

C

In his effort to upend the District Court's decision, Dr. Ahn offers a mistaken understanding of the governing caselaw. On his view, a claim that neither seeks benefits under an ERISA plan nor requires more than a cursory examination of an ERISA plan is not preempted. *See* Ahn Br. 12–15 (citing *Plastic Surgery Ctr., P.A. v. Aetna Life Ins. Co.*, 967 F.3d 218 (3d Cir. 2020)). But *Plastic Surgery* applied the same standards we apply today. 967 F.3d at 230–35. He also cites *Pascack Valley Hosp., Inc. v. Loc. 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393 (3d Cir. 2004), but that case involved a different ERISA preemption provision than this one. *Id.* at 395; *see also In re U.S. Healthcare, Inc.*, 193 F.3d 151, 160 (3d Cir. 1999) (explaining the difference between complete preemption under ERISA § 502(a) and express preemption under ERISA § 514(a)). Finally, Dr. Ahn cites cases supporting the proposition that a provider can bring a claim under ERISA § 502(a) if he has received an assignment from a beneficiary. But there has been no such assignment here. And even had one been made, it would bear only on a claim brought pursuant to ERISA's civil remedies provision—a claim that Dr. Ahn concedes he has not asserted here.

\*\*\*

ERISA broadly preempts state-law claims. The explanation of benefits forms at issue in this appeal fall well within the scope ERISA preemption. We will therefore affirm the District Court's summary judgment.

Nicholas A. Vytell

10

REPPERT OATES & VYTELL

*Counsel for Appellant*

Adam N. Saravay
Scott M. Weingart
MCCARTER & ENGLISH

*Counsel for Appellee*